UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RICHARD JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.: 1:13-CV-254 |
| ) | Judge Collier |
| BUDDY'S BAR-B-Q, INC., ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

Before the Court is a motion for summary judgment filed by Defendant Buddy's Bar-B-Q, Inc. ("Defendant") (Court File No. 27). Plaintiff Richard Johnson ("Plaintiff") responded (Court File No. 34) and Defendant replied (Court File No. 36). Defendant also filed a notice of objection to the Plaintiff's proposed exhibit of an unemployment appeals decision (Court File No. 37), to which Plaintiff responded (Court File No. 40). Plaintiff then responded to Defendant's reply and filed a supporting affidavit (Court File Nos. 41, 42). And finally, Defendant filed a motion to strike Plaintiff's response to its reply and the supporting affidavit for failure to comply with Local Rule 7.1 (Court File No. 43). For the following reasons, the Court will **GRANT** Defendant's motion for summary judgment (Court File No. 27).

**I. FACTUAL BACKGROUND**

Plaintiff is a sixty-five year old African American man. Defendant is a chain of Bar-B-Q restaurants in East Tennessee. Plaintiff began working for Defendant in 1999 and initially performed maintenance work at several of Defendant's locations. In 2003, he began working a regular day shift at Defendant's Athens restaurant. He normally worked from 9:00 a.m. to 3:00

p.m. but periodically management would schedule Plaintiff to work in the evening from 3:00 p.m. to 7:30 p.m. to clean the pit.

On December 26, 2011, Defendant was scheduled to clean the pit. He began work at 3 p.m. and at 5 p.m. he took a break while the parts from the pit were drying. He took some ribs from the warmer and went into the dining room to eat. Both parties acknowledge eating ribs was against Defendant's policies, but Plaintiff contends this policy was not enforced. The parties dispute whether he ate in the part of the dining room where employees were allowed to eat or whether he ate in the part of the dining room where only customers were allowed to eat. According to Defendant, the night manager, Lisa Latham, asked Plaintiff whether he intended to get back to work and Plaintiff told her not to worry about it. Plaintiff states this never happened. Latham wrote Plaintiff up for this conduct after he left. After an investigation, Vice President of Operations Reed Lindsey terminated Plaintiff based on this write up and previous absenteeism and tardiness. Plaintiff alleges white employees were allowed to eat in the dining room without reprisal and after he was terminated he was replaced by a 25-year-old white male. Plaintiff timely filed a charge with the EEOC and then filed this action on August 9, 2013.

II. **STANDARD OF REVIEW**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

III. ANALYSIS

Plaintiff claims he was subjected to age discrimination in violation of 29 U.S.C. § 623 of the Age Discrimination in Employment Act ("ADEA"), race discrimination and a hostile work environment in violation of 42 U.S.C. § 2000e-2 of Title VII of the Civil Rights Act of 1964

("Title VII"); and violations of the Tennessee Human Rights Act ("THRA") and Tennessee common law. Defendant asserts the THRA claim is barred by the statute of limitations and the THRA preempts the common law retaliation claim. Defendant also argues Plaintiff has failed to exhaust administrative remedies with regard to the hostile work environment claims. Finally, Defendant contends it is entitled to summary judgment on Plaintiff's Title VII and ADEA claims because Plaintiff has failed to meet his burden of production on these claims.

> A. THRA

The THRA provides that a "civil cause of action under this section shall be filed in chancery court or circuit court within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d). "The THRA's one year limitations period for bringing a direct court action is not tolled while administrative charges are pending with the THRC or the EEOC." *Martin v. Boeing-Oak Ridge Co.*, 244 F. Supp. 2d 863, 871-72 (E.D. Tenn. 2002) (internal quotation marks omitted). The parties agree Plaintiff was terminated on December 26, 2011. Thus the statute of limitations ran on this claim on December 26, 2012. Plaintiff did not file this action until nearly eight months later. Accordingly, Plaintiff's THRA claim is untimely and the Court will **GRANT** Defendants' motion on this ground.

> B. Common Law Retaliation

The THRA preempts common law retaliatory discharge claims. *Fonseca v. Golden Living Ctr.-Mountainview*, No. 4:09-CV-93, 2010 WL 3155984, at *8–9 (E.D. Tenn. Aug. 10, 2010) (discussing cases thoroughly analyzing the issue and holding the THRA preempts the common law claim for retaliatory discharge). The Court will thus **GRANT** Defendant's motion for summary judgment on this claim.

> C. Hostile Work Environment

4

A plaintiff suing under federal civil rights laws must exhaust his administrative remedies before bringing the suit in federal court. Filing an EEOC charge is a condition precedent to filing suit under Title VII, 42 U.S.C. § 2000e-5(e)(1), and the ADA, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). Claims not included in the charge may not be brought in a subsequently filed action. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1)) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge."). "This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Id*. Courts, however, understand EEOC charges are typically filed pro se and will construe the charges liberally, entertaining "claims that are reasonably related to or grow out of the factual allegations of the EEOC charge." *Id*. at 362. A Title VII plaintiff can exhaust administrative remedies in one of two ways. A plaintiff can explicitly state a claim in the charge by, for example, checking the box for retaliation. Alternatively, a plaintiff may state "facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim . . . ." *Id*. (quoting *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).

Nothing in Plaintiff's EEOC charge could be construed as alleging a hostile work environment (Court File No. 27-4, Pl. Dep. Ex. 16), nor could any of the facts set forth in Plaintiff's responses on the EEOC intake questionnaire (Court File No. 27-4, Pl. Dep. Exs. 17, 18). The Court cannot conclude Plaintiff properly exhausted administrative remedies as to his

5

hostile work environment claim before filing suit.[1] Accordingly, the Court will **GRANT** Defendant's motion for summary judgment as to Plaintiff's hostile work environment claim.

### D. Title VII and ADEA

A circumstantial discrimination claim is evaluated using the familiar burden-shifting approach established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and refined by *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of establishing a *prima facie* case of discrimination. *Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 906 (6th Cir. 2002). Although the *McDonnell Douglas* decision concerned race discrimination under Title VII, ADEA age discrimination claims are also evaluated under this framework. *See, e.g.*, *Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 725 (6th Cir. 2012)

To establish a *prima facie* case, Plaintiff must show he (1) is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment decision; and (4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees. *Newman v. Fed. Exp. Corp.*, 266 F.3d 401, 406 (6th Cir. 2001). Once a plaintiff meets his burden of production as to the *prima facie* case, the burden then shifts to the employer to set forth legitimate, nondiscriminatory reasons for the adverse action. *Burdine*, 450 U.S. at 252–53. The explanation must be "clear and reasonably specific" supported by "admissible evidence which would allow the trier of fact rationally to conclude that the employment decision [was] not motivated by discriminatory animus." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 392 (6th Cir. 2008) (quoting *Burdine*, 450 U.S. at 257-58)

---

[1] Plaintiff did not respond to Defendants argument on this point in his response opposing summary judgment (Court File No. 34).

(internal quotation marks omitted). The plaintiff then must produce evidence that shows that the reasons offered were pretextual. *Burdine*, 450 U.S. at 253. "[T]he burden of producing evidence of 'pretext' essentially merges with the burden of persuasion, which always lies with the plaintiff." *Gragg v. Somersett Technical Coll.*, 373 F.3d 763, 768 (6th Cir. 2004) (citation omitted). To establish pretext, the a plaintiff must show "(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action." *Romans v. Mich. Dep't of Human Serv.*, 668 F.3d 826, 839 (6th Cir. 2012) (quoting *Chen v. Dow Chemical Co.*, 580 F.3d 394, 400 (6th Cir. 2009)). The plaintiff cannot rely purely on "mere personal belief, conjecture and speculation" as they are insufficient to support an inference of discrimination. *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997) (internal alteration omitted).

Plaintiff claims he was fired for doing something—eating in the dining room—that white employees have done without reprisal and that he was replaced by a 25-year-old white male (Court File No. 41, Pl's Resp. Br. at 5). Whether Plaintiff has met his burden as to his *prima facie* case is a close question; but it is one the Court need not resolve. Defendant has put forth a legitimate, nondiscriminatory reason for Plaintiff's termination and Plaintiff has not put forth evidence from which a jury could find the reason was pretextual. Reed Lindsey, Defendant's Vice President of Operations and the person who made the decision to terminate Plaintiff's employment, states he made the decision based on Plaintiff's "insubordination, improper behavior and violation of policies of Buddy's" after reviewing Plaintiff's disciplinary record (Lindsey Dep. ¶¶10, 11). Defendant also submitted documents supporting this disciplinary

7

record (Court File No. 27-4, Exs. 11, 12, 13, 14).[2] The separation notice submitted by Plaintiff lists the reasons as "Violation of Company Policies/ Sitting in Dinning [sic] Room in uniform over an hour on the clock/ when ASST. MGR. asked if he had something to be doing replied 'I know what I'm doing don't worry about it'" (Court File No. 34, Pl's Resp. Br., Ex. 1).[3]  While Plaintiff claims this notice does not state that he was terminated for subordination, the Court finds this contention without merit.  It is clear Plaintiff's retort to his manager is the alleged insubordination.

In response, Plaintiff claims the purported insubordination never happened and that his

---

[2] Several of these documents were signed by Plaintiff signifying that he had acknowledged being warned (Court File No. 27-4, Exs. 11, 12, 13).  However, at his deposition, Plaintiff claimed that he had never seen at least two of the documents despite acknowledging that the signature at the bottom was his (Pl. Dep. 84–86).

[3] Plaintiff attached his separation notice and the decision of the unemployment appeals tribunal to his response in opposition to Defendant's motion for summary judgment.  However, as noted by Defendant in its motion to strike, the unemployment decision is not admissible evidence in the summary judgment context.  *Perkins v. Rogers Grp., Inc.*, No. 3:12-CV-403-TAV-BHG, 2013 WL 6119076, at *7 (E.D. Tenn. Nov. 21, 2013); *see also Pascual v. Anchor Advances Products, Inc.*, 117 F.3d 1421 (6th Cir. 1997) (noting that these hearings are meant to be quick and inexpensive and the manner and standard of proof are different and this their decisions should generally not be considered).  In *Perkins*, Judge Varlan construed Tenn. Code Ann. § 50-7-304 to render unemployment decisions generally inadmissible in employment discrimination cases.  This statute provides that

> No finding of fact or law, judgment, conclusion, or final order made with respect to a claim for unemployment compensation under this chapter may be conclusive in any separate or subsequent action or proceeding in another forum, except proceedings under this chapter, regardless of whether the prior action was between the same or related parties or involved the same facts.

Tenn. Code Ann. § 50-7-304(k).  The Court agrees with this analysis and will not consider the decision of the unemployment tribunal because the decision is not admissible evidence.  *See* Fed. R. Civ. P. 56 (requiring that facts be supported by admissible evidence on summary judgment).

8

manager never in fact confronted him about sitting in the dining room while on the clock.[4] The Court views self-serving testimony opposing a motion for summary judgment with scrutiny when it is unsupported by additional evidence. *See, e.g.*, *Britenriker v. Mock*, 2009 WL 2392917, at *5 n.1 (N.D. Ohio July 31, 2009) ("The absence of additional evidence to support a party's position beyond his own self-serving testimony is insufficient to overcome a motion for summary judgment"); *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Plaintiff claims Latham never spoke to him. But, this contention is contradicted by Plaintiff's own statements on his EEOC intake questionnaire,[5] which explicitly references the conversation with Latham he now claims never took place. During Plaintiff's deposition, he was shown two copies of the questionnaire, one brought by Plaintiff (Court File No. 27-4, Ex. 18) and the other submitted by the Defendant (Court File No. 27-4, Ex. 17). The Court will refer to these two copies by their exhibit numbers to avoid confusion. Exhibit 17 contains the following statement: "I was told by Lisa Latham shift manager that it was against company policy for employees to take breaks while in uniform but other employees took breaks in dining area while

---

[4] Defendant objects to the Court's consideration of Plaintiff's affidavit as not compliant with the Local Rules and not properly submitted with his initial response (Court File No. 43). Because the Court concludes that Defendant is entitled to summary judgment even if the affidavit was considered, the Court need not rule on the motion to strike.

[5] At his deposition, Plaintiff disputed whether he filled out this portion of the questionnaire (Court File No. 27-4, Pl. Dep. at pp. 101–107), but Plaintiff has not put forth any credible allegation of fraud, and therefore will not now be heard to complain that this signed statement was not his own. *Cf. Solomon v. First Am. Nat. Bank of Nashville*, 774 S.W.2d 935, 943 (Tenn. Ct. App. 1989) ("Ordinarily, one having the ability and opportunity to inform himself of the contents of a writing before he executes it will not be allowed to avoid it by showing that he was ignorant of its contents or that he failed to read it.")

9

in uniform." The questionnaire is signed by Plaintiff and dated 3/28/12. Plaintiff acknowledged going over the form with his attorney before it was submitted (Court File No. 27-4, Pl. Dep. at p. 106). Exhibit 18 contains the exact same statement, word for word but in different handwriting and missing the signature page. The parties agreed Exhibit 17 was the copy of the intake questionnaire that was actually submitted to the EEOC. A plaintiff may not defeat summary judgment with an affidavit that contradicts prior signed statements. *LaFary v. Rogers Grp., Inc.*, 591 F.3d 903, 908 (7th Cir. 2010); *see also Shockley v. City of Newport News*, 997 F.2d 18, 23 (4th Cir. 1993) (noting that "[This] principle . . . serves to prevent parties from using affidavits to create 'sham issues of fact,' thereby destroying the utility of the summary judgment procedure."). In light of his prior assertions to the EEOC, Plaintiff's affidavit is insufficient to create a genuine issue of material fact as to whether he was confronted by Latham. *See Lafary*, 591 F.3d at 908.

Because the uncontroverted evidence demonstrates that Defendant had a legitimate nondiscriminatory reason for terminating Plaintiff, and Plaintiff has not presented evidence from which a jury could find that this reason was pretextual, the Court will **GRANT** Defendant's motion for summary judgment as to Plaintiff's ADEA and Title VII discrimination claims.

IV. **CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendant's motion for summary judgment (Court File No. 27).

**An order shall enter.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**